**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-108-RJC-DSC**

| | |
|---|---|
| **MICHAEL LEE HALL, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BANK OF AMERICA** | ) |
| **CORPORATION, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' "Motion for Remand to State Court" (document #5), "Defendants' Motion to Dismiss" (document #8), and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiffs' Motion to Remand be denied and Defendants' Motion to Dismiss be <u>granted</u> as discussed below.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations of the Complaint as true, <u>pro se</u> Plaintiff Michael Lee Hall is employed by Defendant as an analyst. He is presently out of work on long term disability. This is Hall's second lawsuit against Defendant. In his first lawsuit, <u>Michael Lee Hall v. Bank of America Corporation</u>, NCWD File No. 3:16-cv-715, Plaintiff asserted claims for (1) failure to

promote based on gender under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.; (2) violations of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §§ 201 et seq.; (3) harassment and sabotaging his career in violation of the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. §§ 5567 et seq.; (4) failure to promote under the North Carolina Equal Employment Practices Act ("NCEEPA"), N.C. Gen. Stat. §§ 143-422.2 et seq.; and (5) retaliation under the North Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. §§ 95-240 et seq..

On November 7, 2016, Defendant filed its Motion to Dismiss Hall's first Complaint.

On January 12, 2017, this Court recommended that Defendant's Motion to Dismiss be granted. On September 8, 2017, District Judge Robert J. Conrad, Jr. adopted the Memorandum and Recommendation and dismissed the Complaint. On December 27, 2017, the Fourth Circuit affirmed dismissal of Hall's first Complaint.

On February 7, 2018, Hall and his wife Marjorie Hall filed this second lawsuit against Bank of America in Mecklenburg County Superior Court. This Complaint asserts sixteen claims for relief: (1) gender discrimination under Title VII; (2) violations of the EPA; (3) violations of the CFPA; (4) violations of REDA; (5) violations of the NCEEPA for gender discrimination; (6) claims for "Unfair Competition or Trade Practices"; (7) failure to provide common law fundamental fairness and due process; (8) negligent misrepresentation; (9) negligence per se; (10) negligence; (11) intentional infliction of emotional distress; (12) negligent infliction of emotional distress; (13) loss of consortium; (14) breach of contract; (15) fraud; and (16) constructive fraud.

On March 9, 2018, Defendants removed the state court action to the United States District Court for the Western District of North Carolina alleging federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1441(b).

On March 12, 2018, Plaintiffs filed their Motion to Remand, contending "there are not any disputes of federal law." Plaintiff's "Motion for Remand" at 3 (document #5).

On March 16, 2018, Defendants filed their Motion to Dismiss. Defendants contend that Plaintiffs' claims are barred by res judicata and statute of limitations and otherwise fail to state a claim upon which relief can be granted.

## II. DISCUSSION

### A. Motion to Remand

Subject matter jurisdiction is a threshold issue for the Court. When any removed case lacks a proper basis for subject matter jurisdiction, it must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004). Any doubts

- 3 -

about removal must be resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary") (citations omitted); Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993); Storr Office Supply v. Radar Business Systems, 832 F. Supp. 154, 156 (E.D.N.C. 1993).

A defendant may remove a case if the federal district court has original jurisdiction. 28 U.S.C. § 1441; Dixon v. Coburg Dairy, 369 F.3d 811, 816 (4th Cir. 2004). 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction over every civil action that "arises under the Constitution, laws, or treaties of the United States." "Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (internal citations omitted).

28 U.S.C. § 1367(a) provides that "… in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Claims are "part of the same case or controversy" if they "derive from a common nucleus of operative fact ... [and] are such that ... [they] would ordinarily be expected to ... [be tried] in one judicial proceeding." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). Accord Rosmer v. Pfizer Inc., 263 F.3d 110, 116 (4th Cir. 2001); Neal v. Flav-O-Rich, Inc., 71 Fair Emp. Prac. Cas. 1816, 1818 (M.D.N.C. 1996) (in determining whether to exercise supplemental jurisdiction, a district court should consider "[Section] 1367's goal of promoting judicial economy, convenience, and fairness to litigants by joining all claims arising

- 4 -

out of a common nucleus of operative fact").

This Court has original federal question jurisdiction here pursuant to 28 U.S.C. § 1331. Plaintiffs have alleged claims arising under three federal statutes. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) since they arise out of the same common nucleus of operative facts involving Plaintiff's employment and Defendant's alleged employment practices. Accordingly, the undersigned respectfully recommends that Plaintiffs' Motion for Remand to State Court be <u>denied</u>.

**B. <u>Motion to Dismiss</u>**

**1. <u>Standard of Review</u>**

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In <u>Iqbal</u>, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. <u>Id.</u> "Threadbare recitals

- 5 -

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243

(4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).[1]

### 2.  Claims Barred By Res Judicata

The doctrine of res judicata precludes a party or its privy from bringing a claim that has already been "litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." Ohio Valley Envtl. Coalition v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009); Montana v. United States, 440 U.S. 147, 153, 99 S. Ct. 970 (1979). The doctrine of res judicata encourages reliance on judicial decisions, bars vexatious and piecemeal litigation, and frees the courts to resolve other disputes. Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004).

In order to establish res judicata as a bar, the defendant must show: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits." Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000). In order to find that the second suit involves the same cause of action, it is not necessary to find that the plaintiff is proceeding on the same legal theory advanced in the first suit. Ohio Valley Envtl. Coalition, 556 F.3d at 210. Rather, "[a]s long as the second suit, 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment,' the first suit will have preclusive effect." Id. (internal citations omitted); Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th Cir. 2008).

---

[1]In their brief opposing Defendants' Motion to Dismiss, Plaintiffs' argument is limited to their erroneous claim that this Court lacks subject matter jurisdiction.  They do not address the Motion to Dismiss or the merits of their claims.  See "Memorandum of Law in Opposition to Motion to Dismiss" at 1-5 (document #10).

Applying those principles to the claims asserted here, Counts 2 and 5 through 12 are barred by <u>res judicata</u>. Plaintiffs' EPA claim (Count 2) and NCEEPA claim (Count 5) are identical to claims asserted in the prior lawsuit. The Court previously dismissed both of those claims with prejudice and the Fourth Circuit affirmed.

<u>Res judicata</u> also bars Counts 6 through 12 of the Complaint. These claims arise from the same transactions or set of operative facts and could have been asserted in the first lawsuit. <u>Res judicata</u> applies "even though the plaintiff in the first suit proceeded under a different legal theory. A prior judgment on the merits binds the parties 'not only as to every matter which was offered and received to sustain or defend the claim or demand but [also] as to any other admissible matter which might have been offered for that purpose.'" <u>Aliff v. Joy Mfg. Co.</u>, 914 F.2d 39, 43 (4th Cir. 1990)(quoting <u>Sea-Land Serv., Inc. v. Gaudet</u>, 414 U.S. 573, 579 (1974)). Thus, if the claim existed at the time of the first lawsuit and might have been asserted there, it is barred by <u>res judicata</u> from being brought in a subsequent action. <u>Aliff</u>, 914 F.2d at 43-44; <u>see also</u> <u>Thomas v. Davis</u>, 2016 U.S. Dist. LEXIS 98750, *6 (W.D.N.C. July 28, 2016)(recognizing that res judicata will bar a newly articulated claim if it is based on the same transaction as the previously resolved lawsuit and could have been brought there).

Plaintiffs assert claims for "unfair competition or trade practices" (Count 6), failure to provide common law due process (Count 7), negligent misrepresentation (Count 8), negligence per se (Count 9), negligence (Count 10), intentional infliction of emotional distress (Count 11), and negligent infliction of emotional distress (Count 12). These claims all arise from the same alleged wrongdoings asserted in the prior case. Accordingly, these claims are barred by <u>res judicata</u> as well.

- 8 -

### 3. **Time Barred Claims**

Plaintiffs' Title VII (Count 1), CFPA (Count 3), REDA (Count 4), breach of contract (Count 14) and fraud (Count 15) claims are time barred. In order to pursue a Title VII claim, the civil action must be commenced within ninety days of receipt of a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. §§ 20000e-5(f)(1). Michael Hall received a right to sue letter from the EEOC on August 19, 2016, but did not file this action until eighteen months later in February 2018. His claims arising under Title VII are untimely and should be dismissed with prejudice. See Angles v. Dollar Tree Stores, Inc., 494 Fed. Appx. 326, 329 (4th Cir. Sept. 13, 2012); see also Fenner v. John Umstead Hosp., 2014 U.S. Dist. LEXIS 8180, *14 (M.D.N.C. Jan. 23, 2014) (holding that where a previous complaint was timely filed and then dismissed, the statute of limitations is not tolled by the original filing).

Plaintiffs' claims for violations of the CFPA (Count 3) and REDA (Count 4) are also subject to dismissal because Michael Hall failed to exhaust his administrative remedies. Under the CFPA, an employee must file a complaint with the Secretary of Labor within 180 days of the alleged retaliatory act. Berman v. Neo@Ogilvy LLC, 72 F. Supp. 3d 404, 410 (S.D.N.Y. 2014), rev'd on other grounds and remanded, 801 F.3d 145 (2nd Cir. 2015). Similarly, in order to pursue a claim under REDA, an employee must file a written complaint with the North Carolina Commissioner of Labor. N.C. Gen. Stat. 95-242; Johnson v. North Carolina, 905 F. Supp. 2d 712, 727-28 (W.D.N.C. 2012). Plaintiff concedes that he failed to file the required administrative complaints within the time prescribed. See "Complaint" at ¶ 101 (document #1-1).

Plaintiffs also assert claims for breach of contract (Count 14) and fraud (Count 15) involving a mortgage refinancing which allegedly occurred in July 2011. See "Complaint" at ¶¶165 & 177-179 (document #1-1). The statute of limitations for breach of contract and fraud in

North Carolina is three years. <u>See</u> N.C. Gen. Stat. § 1-52(1) & (9). These claims are likewise time barred.

### 4. <u>Claim for Constructive Fraud</u>

In North Carolina, claims for constructive fraud arise in the context of a confidential relationship. <u>Terry v. Terry</u>, 302 N.C. 77, 85, 273 S.E.2d 674, 678-79 (1981). Neither the mortgage transaction or Hall's employment create the necessary confidential relationship. <u>Lawley v. Liberty Mut. Group, Inc.</u>, 2012 U.S. Dist. LEXIS 142205, *16 (W.D.N.C. Sep. 28, 2012); <u>Dalton v. Camp</u>, 353 N.C. 647, 548 S.E.2d 704, 708 (N.C. 2001)(relationship of employer and employee not regarded as confidential); <u>Bonham v. Wolf Creek Acad.</u>, 767 F. Supp. 2d 558, 567 (W.D.N.C. 2011)("… even the legal conclusion that a fiduciary relationship sprang from an employer-employee relationship finds no support in North Carolina law …"). Accordingly, Plaintiffs' claim for constructive fraud (Count 16) fails.

### 5. <u>Claim for Loss of Consortium</u>

In Count 13, Plaintiff Marjorie Hall asserts a claim for loss of consortium "because of the injury inflicted upon him [Michael Hall] by Bank of America, N.A." "Complaint" at ¶¶ 161-163 (document #1-1). It is well settled that a claim for loss of consortium is derivative of the spouse's underlying claims and will survive only if those claims survive. <u>Labram v. Havel</u>, 43 F.3d 918, 921 (4th Cir. 1995); <u>Jones v. Southcorr, LLC</u>, 324 F. Supp. 2d 765, 783 (M.D.N.C. 2004); <u>Emmons v. Rose's Stores, Inc.</u>, 5 F. Supp. 2d 358, 366 (E.D.N.C. 1997). Since Michael Hall's claims fail, the loss of consortium claim fails as well.

## III. <u>ORDER</u>

**IT IS HEREBY ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiffs' "Motion for Remand to State Court" (document #5) be **DENIED**, "Defendants' Motion to Dismiss" (document #8) be **GRANTED**, and the Complaint be **DISMISSED WITH PREJUDICE**.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to <u>pro se</u> Plaintiffs, to defense counsel, <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: July 16, 2018

David S. Cayer
United States Magistrate Judge