UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00108-RJC-DSC

| | |
|---|---|
| MICHAEL LEE HALL <br> MARJORIE CAROL HALL, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA <br> CORPORATION and BANK OF <br> AMERICA, N.A., <br><br> Defendants. | ORDER |

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Remand to State Court and memorandum in support, (Doc. No. 5); Defendants' Motion to Dismiss and memorandum in support, (Doc. Nos. 8, 9); and the parties' briefs and exhibits. Also before the Court is Magistrate Judge David S. Cayer's Memorandum and Recommendation and Order ("M&R"), (Doc. No. 14), recommending that this Court deny Plaintiffs' Motion to Remand to State Court, (Doc. No. 5), and grant Defendants' Motion to Dismiss, (Doc. No. 8); Plaintiffs' Objection to the M&R, (Doc. No. 15)[1]; Defendants' Response to Plaintiffs' Objection to the M&R, (Doc. No. 16);

---

[1] Plaintiff Hall has also filed a Motion to Void Order in the companion case of Hall v. Bank of Am. Corp., NCWD File No. 3:16-cv-715, (Doc. No. 22). In that motion, Plaintiff seeks to have this Court's final order in the companion case, Hall v. Bank of Am. Corp., No. 3:16-cv-00715-RJC-DSC, 2017 WL 3971281 (W.D.N.C. Sept. 8, 2017),

1

and Plaintiffs' Reply, (Doc. No. 17). Having been fully briefed, the motions are ripe for adjudication.

## I. BACKGROUND

This is the second time this Court confronts this set of facts. This Court has previously detailed the facts giving rise to the current suit in an order in the companion case of Hall v. Bank of Am. Corp., No. 3:16-cv-00715-RJC-DSC, 2017 WL 3971281 (W.D.N.C. Sept. 8, 2017). Because no party has objected to the Magistrate Judge's statement of the factual and procedural background in the instant suit, the Court adopts the facts as set forth in the M&R and incorporates them herein:

> Accepting the factual allegations of the Complaint as true, pro se Plaintiff Michael Lee Hall is employed by Defendant as an analyst. He is presently out of work on long term disability. This is Hall's second lawsuit against Defendant. In his first lawsuit, Michael Lee Hall v. Bank of America Corporation, NCWD File No. 3:16-cv-715 [hereinafter Hall 1], Plaintiff asserted claims for (1) failure to promote based on gender under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.; (2) violations of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §§ 201 et seq.; (3) harassment and sabotaging his career in violation of the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. §§ 5567 et seq.; (4) failure to promote under the North Carolina Equal Employment Practices Act ("NCEEPA"), N.C. Gen. Stat. §§ 143-422.2 et seq.; and (5) retaliation under the North

---

which dismissed Plaintiff's claims for violations of the Equal Pay Act ("EPA") and North Carolina Equal Employment Practices Act ("NCEEPA"), voided, claiming that "this Court erred when it ruled on the merits for Count 2 [EPA claim] and 4 [NCEEPA claim] while lacking subject-matter jurisdiction over the entire complaint." NCWD File No. 3:16-cv-715, (Doc. No. 22 at 1). Plaintiff cites his Memorandum Objecting to the M&R in the current suit, NCWD File No. 3:18-cv-108, (Doc. No. 15), to support his Motion to Void in the companion case. Because the Court has denied Plaintiff's Motion to Void in the companion case, the motion does not change the Court's analysis herein.

Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. §§ 95-240 et seq..

On November 7, 2016, Defendant filed its Motion to Dismiss Hall's first Complaint.

On January 12, 2017, this Court recommended that Defendant's Motion to Dismiss be granted. On September 8, 2017, District Judge Robert J. Conrad, Jr. adopted the Memorandum and Recommendation and dismissed the Complaint. On December 27, 2017, the Fourth Circuit affirmed dismissal of Hall's first Complaint.

On February 7, 2018, Hall and his wife Marjorie Hall filed this second lawsuit against Bank of America in Mecklenburg County Superior Court. This Complaint asserts sixteen claims for relief: (1) gender discrimination under Title VII; (2) violations of the EPA; (3) violations of the CFPA; (4) violations of REDA; (5) violations of the NCEEPA for gender discrimination; (6) claims for "Unfair Competition or Trade Practices"; (7) failure to provide common law fundamental fairness and due process; (8) negligent misrepresentation; (9) negligence per se; (10) negligence; (11) intentional infliction of emotional distress; (12) negligent infliction of emotional distress; (13) loss of consortium; (14) breach of contract; (15) fraud; and (16) constructive fraud.

On March 9, 2018, Defendants removed the state court action to the United States District Court for the Western District of North Carolina alleging federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1441(b).

On March 12, 2018, Plaintiffs filed their Motion to Remand, contending "there are not any disputes of federal law." Plaintiff's "Motion for Remand" at 3 (document #5).

On March 16, 2018, Defendants filed their Motion to Dismiss. Defendants contend that Plaintiffs' claims are barred by res judicata and statute of limitations and otherwise fail to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) and (B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific

proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to a specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and, accordingly, this Court has conducted a careful review of the Magistrate Judge's M&R and all related documents.

## III. DISCUSSION

The thrust of Plaintiffs' Objection to the M&R is that the Magistrate Judge erred by reaching the merits of Plaintiffs' claims because this Court lacks subject matter jurisdiction over Plaintiffs' claims. Instead of addressing the merits of their claims, Plaintiffs solely focus on the M&R's alleged error of finding that remand to state court is inappropriate.

### A. The M&R Correctly Recommended that the Court Deny Plaintiffs' Motion to Remand.

The existence of subject matter jurisdiction is a threshold issue the Court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Federal subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether

4

subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (internal citations omitted). "No party can waive [subject matter jurisdiction], or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schact, 524 U.S. 381, 389 (1998). The party asserting federal jurisdiction bears the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).

A case originally brought in state court can be removed to federal court if the federal district court has original jurisdiction. 28 U.S.C. § 1441; Dixon v. Coburg Dairy, 369 F.3d 811, 916 (4th Cir. 2004). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "This means that 'Congress has given the lower federal courts jurisdiction to hear 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606–07 (4th Cir. 2002) (quoting Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 219 (4th Cir. 2001) (en banc)).

If a federal court has original jurisdiction over a claim in a civil action, it also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Claims form "part of the same case or controversy" if they "derive from a common nucleus of operative fact . . . [and] are such that . . .

5

[they] would ordinarily be expected to . . . [be tried] in one judicial proceeding." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966); see also Hartman v. Univ. of Maryland at Baltimore, 595 F. App'x 179, 180 (4th Cir. 2014). Exercising supplemental jurisdiction is discretionary. See Hartman, 595 F. App'x at 180. When determining whether to exercise supplemental jurisdiction over state-law claims, a federal district court should consider section 1367's goal of promoting "principles of [judicial] economy, fairness, convenience, and comity" to litigants by joining all claims arising out of a common nucleus of operative fact. Id. (quoting Carnegie-Mellon v. Cohill, 484 U.S. 343, 357 (1988)). Supplemental jurisdiction under 28 U.S.C. § 1367 "is a broad jurisdictional grant." Exxon Mobil Corp. v. Allapattah, 545 U.S. 546, 558–59 (2005).

Here, the Court must first turn to the Complaint to examine whether any of Plaintiffs' causes of action necessarily depend on resolution of a substantial question of federal law. Plaintiffs have plead sixteen causes of action, three of which directly arise under federal statutes: (1) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.; (2) violation of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §§ 206 et seq.; and (3) violation of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5567, et seq. Thus, the Court has original jurisdiction over these claims, and removal was proper pursuant to 28 U.S.C. §§ 1441 and 1446.

Turning to the other thirteen causes of action plead, the Court can exercise supplemental jurisdiction over these state-law claims because they form part of the same case or controversy as the claims arising under federal law. Plaintiffs have

6

plead thirteen claims arising under North Carolina law: (1) violations of the Retaliatory Employment Discrimination Act ("REDA"); (2) violations of the Equal Employment Protection Practices Act ("NCEEPA") for gender discrimination; (3) claims for Unfair Competition or Trade Practices; (4) failure to provide common law fundamental fairness and due process; (5) negligent misrepresentation; (6) negligence per se; (7) negligence; (8) intentional infliction of emotional distress; (9) negligent infliction of emotional distress; (10) loss of consortium; (11) breach of contract; (12) fraud; and (13) constructive fraud. While these claims are based on North Carolina law, the facts undergirding these claims share the same nucleus of operative facts as the federal claims. That is, all sixteen claims revolve around the facts and circumstances of Mr. Hall's employment with Bank of America and the alleged discrimination, retaliation, and unfair treatment arising out of Bank of America's alleged employment practices.

In their Objections, Plaintiffs conflate the standard for exercising supplemental jurisdiction. For example, Plaintiffs contend that exercising supplemental jurisdiction over the state-law claims for breach of contract, fraud, and constructive fraud would be improper because "[t]he state laws that form the nucleus of the[se] claims . . . are state laws regulating mortgage appraisals, not employment protections which is the basis for the federal element in this case." (Doc. No. 15 at 5). Thus, Plaintiffs seem to argue that a court can exercise supplemental jurisdiction over state-law claims only if those claims share the same "nucleus" of legal elements. That is not the test. Rather, supplemental jurisdiction centers on the same nucleus

7

of operative facts—not law—undergirding both federal and state-law claims. In other words, it is immaterial how different the elements forming the respective state and federal causes of action are. Rather, all that matters for determining whether supplemental jurisdiction exists is if a plaintiff alleges the same core set of facts to support the respective state and federal-law claims. If this is the case, then a federal court may properly exercise supplemental jurisdiction over the state-law claims, which might not contain "essential federal ingredients" but do revolve around the same set of facts as the claims invoking original jurisdiction.

And assuming Plaintiffs are arguing that the operative facts undergirding their breach of contract, constructive trust, and fraud claims differ from the set of facts supporting their federal claims, Plaintiffs are misplaced in that argument as well. In their Objections, Plaintiffs allege that those state-law claims "regulat[e] mortgage appraisals, not employment protections." (Doc. No. 15 at 5). Yet, in their Complaint, Plaintiffs premise these claims upon the allegation that "[w]ith Mr. Hall employed by Bank of America NA, there was an implicit trust that the Defendant would protect the Plaintiffs' interest." (Doc. No. 1-1 ¶ 166). Plaintiffs stake these claims upon a trust relationship existing between Mr. Hall and Bank of America due to the nature of his employment. Thus, even these state-law claims center around the same set of facts supporting their federal-law claims: Bank of America's alleged unfair treatment of Plaintiffs due to Mr. Hall's employment with Bank of America.

Therefore, the Court finds that the Magistrate Judge was correct in finding that supplemental jurisdiction exists over the state-law claims. It would be a waste

of judicial resources, as well as the parties', to decline to exercise supplemental jurisdiction—a "broad jurisdictional grant"—over the state-law claims. Exxon Mobil, 545 U.S. at 558–59. The Court has subject matter jurisdiction over all of Plaintiffs' claims.

### B. The M&R Correctly Recommended that Defendants' Motions to Dismiss be Granted.

Having determined that this Court has subject matter jurisdiction over Plaintiffs' claims and that Defendants properly removed this case to federal court, the Court can now assess the merits of Plaintiffs' claims. Notably, Plaintiffs, in lodging their Objections to the M&R, failed to address the M&R's reasoning or conclusions regarding the merits of their claims. In doing so, Plaintiffs have waived any objections to the M&R's conclusion and recommendation that Plaintiffs' failed to state a claim and that their Complaint should be dismissed with prejudice. See, e.g., United States v. Midgette, 478 F.3d 616, 621–22 (4th Cir. 2007) (concluding that a party "waives a right to appellate review of particular issues by failing to file timely objections specifically directed to those issues"). Nevertheless, this Court has conducted a de novo review of the M&R's conclusions regarding the merits of Plaintiffs' claims. In doing so, it agrees with the Magistrate Judge's determination that Plaintiffs have failed to state a claim upon which relief can be granted and thus Plaintiffs' Complaint should be dismissed with prejudice.

1. Standard of Review

On a motion to dismiss for failure to state a claim, the Court must accept the

of judicial resources, as well as the parties', to decline to exercise supplemental jurisdiction—a "broad jurisdictional grant"—over the state-law claims. Exxon Mobil, 545 U.S. at 558–59. The Court has subject matter jurisdiction over all of Plaintiffs' claims.

### B. The M&R Correctly Recommended that Defendants' Motions to Dismiss be Granted.

Having determined that this Court has subject matter jurisdiction over Plaintiffs' claims and that Defendants properly removed this case to federal court, the Court can now assess the merits of Plaintiffs' claims. Notably, Plaintiffs, in lodging their Objections to the M&R, failed to address the M&R's reasoning or conclusions regarding the merits of their claims. In doing so, Plaintiffs have waived any objections to the M&R's conclusion and recommendation that Plaintiffs' failed to state a claim and that their Complaint should be dismissed with prejudice. See, e.g., United States v. Midgette, 478 F.3d 616, 621–22 (4th Cir. 2007) (concluding that a party "waives a right to appellate review of particular issues by failing to file timely objections specifically directed to those issues"). Nevertheless, this Court has conducted a de novo review of the M&R's conclusions regarding the merits of Plaintiffs' claims. In doing so, it agrees with the Magistrate Judge's determination that Plaintiffs have failed to state a claim upon which relief can be granted and thus Plaintiffs' Complaint should be dismissed with prejudice.

1. Standard of Review

On a motion to dismiss for failure to state a claim, the Court must accept the

factual allegations of the claim as true and construe them in the light most favorable to the nonmoving party. Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility means allegations that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. "Threadbare recitals for the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers). Nonetheless, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). As a result, even a pro se plaintiff's claim for relief "requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Like plaintiffs who are represented by counsel, a pro se plaintiff must still "allege facts sufficient to state all the elements of [a] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). In light of this authority, conclusory statements with insufficient factual allegations, even when asserted by

10

pro se plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6).

2. Claims that are Barred by Res Judicata

The M&R found that "Counts 2 and 5 through 12 are barred by res judicata." (Doc. No. 14 at 8). "Res judicata or claim preclusion bars a party from suing on a claim that has already been 'litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009) (quoting 18 James Wm. et al., Moore's Federal Practice § 131.10(1)(a) (3d ed. 2008)). Applying the doctrine of res judicata "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." Brown v. Felsen, 442 U.S. 127, 131 (1979).

For res judicata to bar a claim, a defendant must establish three elements: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. Pueschel v. U.S., 369 F.3d 345, 354–55 (4th Cir. 2004). "In finding that the second suit involves the same cause of action, the court need not find that the plaintiff in the second suit is proceeding on the same legal theory he or his privies advanced in the first suit." Ohio Valley Envtl. Coal., 556 F.3d at 210. Rather, the first suit will preclude the second suit so long as the subsequent suit "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990).

Here, the Magistrate Judge correctly concluded that res judicata bars nine of

11

Plaintiffs' claims in the current suit because all three elements of res judicata are met. First, regarding Plaintiffs' EPA claim (Count 2) and NCEEPA claim (Count 5), a final judgment on the merits was reached in Hall 1 dismissing those claims with prejudice. See Fayetteville Investors v. Commercial Bldrs., Inc., 936 F.2d 1462, 1471 (4th Cir. 1991) (acknowledging that a dismissal under Fed. R. Civ. P. 12(b)(6) is accorded res judicata effect). Second, Plaintiffs bring those identical causes of action in the current suit ("Hall 2") against the same parties and privies as they did in Hall 1. In the current suit, Plaintiffs have named Bank of America, N.A. as an additional defendant to Bank of America Corporation —the sole defendant in Hall 1. However, adding an additional defendant will not allow Plaintiffs to evade res-judicata application. See Bedrock Servs. v. Int'l Bhd. of Elec. Workers Local Union Nos. 238, 342, 495, 285 F. Supp. 2d 693, 699 (W.D.N.C. 2003) (holding that a plaintiff "cannot avoid the bar of *res judicata* by bringing in additional defendants" (quoting Bethseda Lutheran Homes & Servs., Inc. v. Born, 238 F.3d 853, 857 (7th Cir. 2001))). "While the parties to the federal action may be nominally different from those in the [first] action, they are in effect the same parties." McDonald v. Hillsborough County School Bd., 821 F.2d 1563, 1566 (11th Cir. 1987). Such is the case here.

Res judicata also bars Counts 6 through 12 of the Complaint. Res judicata can apply "even though the plaintiff in the first suit proceeded under a different legal theory." Aliff v. Joy Mfg. Co., 914 F.2d 39, 43 (4th Cir. 1990). Plaintiffs now allege new claims in the present suit against Defendants that arise from the same alleged wrongdoings at issue in the prior suit: claims for unfair competition or trade

practices (Count 6), failure to provide common law due process (Count 7), negligent misrepresentation (Count 8), negligence per se (Count 9), negligence (Count 10), intentional infliction of emotional distress (Count 11), and negligent infliction of emotional distress (Count 12).  With the hope of obtaining a different outcome, Plaintiffs impermissibly attempt to recharacterize their grievances against Defendants by invoking new legal theories that they did not try in Hall 1:

> Whether two cases arise out of the same cause of action is not determined by whether the claims asserted in the two cases are identical . . . [rather,] *res judicata* will bar a newly articulated claim if the claim is based on the same transaction as the previously resolved suit and could have been brought in the earlier action.

Thomas v. Davis, 2016 U.S. Dist. LEXIS 98750, *6 (W.D.N.C. 2016).  Despite Plaintiffs' attempt to cloak the set of underlying facts by alleging new claims, the Court is not distracted by the new legal theories alleged.  Rather, the Court has examined the facts supporting these claims and recognizes that the same set of operative facts at issue in Hall 1 are the same facts supporting Plaintiffs' claims today.  In Hall 1, Plaintiff complained of his employment with Bank of America, specifically alleging that he suffered from pay discrepancies and other forms of alleged discrimination on the basis of his gender, retaliation, and constructive discharge.  Counts 6 through 12 of Hall 2 rest on the same set of alleged grievances that the Court resolved in Hall 1 through a final decision on the merits.  (Compare Hall 1 Doc. No. 1: Compl. ¶¶ 10–11, 25, 28, 30, 44–49, 51–56, 61, with Hall 2, Doc. No. 1-1: Compl. ¶¶ 14–15, 28, 45, 47, 51–54, 59–62, 68).    Therefore, these claims could have been brought in Hall 1.  And "[i]f the claim existed at the time of the

13

first suit and 'might have been offered' in the same cause of action, then it is barred by res judicata from being brought in a subsequent suit." Aliff, 914 F.2d at 43–44. Accordingly, these claims could—and should—have been brought in Hall 1 because. No amount of tessellation can disguise the reality that the operative facts underlying the two cases arise from the same concatenations. Thus, res judicata precludes Plaintiffs from now bringing these claims.

3. Claims that are Time Barred

The M&R correctly concluded that Plaintiffs' Title VII (Count 1), CFPA (Count 3), REDA (Count 4), breach of contract (Count 14) and fraud (Count 15) claims are time barred. (Doc. No. 14 at 9). To pursue a Title VII claim, a civil action must be commenced within 90 days of receipt of a right to sue letter from the Equal Employment Opportunity Commission. 42 U.S.C. §§ 2000e-5(f)(1). Here, Mr. Hall's Title VII claim is time barred because he did not initiate this lawsuit until approximately eighteen months after receipt of his right to sue letter. (See Doc. No. 1-1). Therefore, his Title VII claim is untimely and should be dismissed with prejudice. See Angles v. Dollar Tree Stores, Inc., 494 Fed. Appx. 326, 329 (4th Cir. Sept. 13, 2012); see also Fenner v. John Umstead Hosp., 2014 U.S. Dist. LEXIS 8180, *14 n.5 (M.D.N.C. Jan. 23, 2014) (noting that "[w]hen a complaint is timely filed and later dismissed, the statute of limitations is not tolled by the original timely filing," so a dismissal without prejudice does not benefit the plaintiff).

Plaintiffs' claims for violations of the CFPA (Count 3) and REDA (Count 4) should also be dismissed because Mr. Hall failed to exhaust his administrative

14

remedies—something required by both statutory schemes. Under the CFPA, an employee must file a complaint with the Secretary of Labor within 180 days of the alleged retaliatory act. See 12 U.S.C. § 5567(c)(1)(A). Likewise, under REDA, an employee must first file a written complaint with the North Carolina Commissioner of Labor. N.C. Gen. Stat. § 95-242. In the Complaint, Mr. Hall acknowledges that he failed to file the required administrative complaints within the prescribed time. (See Doc. No. 1-1 ¶ 101). Finally, Plaintiffs' claims for breach of contract (Count 14) and fraud (Count 15) related to a mortgage refinancing, which allegedly occurred in July 2011, (see Doc. No. 1-1 ¶¶ 165, 177–79), are also time barred because the limitations period for these claims in North Carolina is three years, N.C. Gen. Stat. § 1-52(1) & (9).

  4. <u>Claim for Constructive Fraud</u>

 Under North Carolina law, a claim for constructive fraud is only viable in the context of a confidential relationship. Terry v. Terry, 273 S.E.2d 674, 678–79 (N.C. 1981). While Plaintiffs claim that a "relationship of trust" existed between Plaintiffs and Defendants, the Magistrate Judge correctly concluded that neither the mortgage transaction nor Mr. Hall's employment with Defendants created the necessary confidential relationship. Lawley v. Liberty Mut. Group, Inc., 2012 U.S. Dist. LEXIS 142205, *16 (W.D.N.C. Sep. 28, 2012) (explaining that, "under North Carolina law, parties to a contract do not automatically become each other's fiduciaries"); Bonham v. Wolf Creek Acad., 767 F. Supp. 2d 558, 567 (W.D.N.C. 2011) ("[T]he legal conclusion that a fiduciary relationship sprang from an

15

employer-employee relationship finds no support in North Carolina law as 'the relation of employer and employee is not one of those regarded as confidential.'" (quoting Dalton v. Camp, 548 S.E.2d 704, 708 (N.C. 2001)).  Therefore, Plaintiffs' claim for constructive fraud (Count 16) fails.

5.  Claim for Loss of Consortium

Finally, Plaintiff Marjorie Hall's claim for loss of consortium must fail as well because a claim for loss of consortium derives from the spouse's underlying claims.  Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995) (describing loss of consortium claims as "derivative in nature" of the spouse's underlying claims). Because Mr. Hall's underlying claims fail as a matter of law, Mrs. Hall's loss-of-consortium claim likewise fails.

IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 14), is **AFFIRMED and ADOPTED**;

2. Plaintiffs' Motion to Remand to State Court, (Doc. No. 5), is **DENIED**;

3. Defendants' Motion to Dismiss, (Doc. No. 8), is **GRANTED**.

4. Plaintiffs' Complaint, (Doc. No. 1-1), is **DISMISSED WITH PREJUDICE**; and

5. The Clerk of Court is directed to close this case.

Signed: January 11, 2019

Robert J. Conrad, Jr.
United States District Judge